Leah M. Beligan, Esq. (SBN 250834)
lmbeligan@bbclawyers.net
Jerusalem F. Beligan, Esq. (SBN 211258)
jbeligan@bbclawyers.net
**BELIGAN LAW GROUP, LLP**
19800 MacArthur Blvd., Ste. 300
Newport Beach, CA 92612
Telephone: (949) 224-3881

James L. Simon, Esq. (*pro hac vice* forthcoming)
james@simonsayspay.com
**SIMON LAW CO.**
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 816-8696

Michael L. Fradin, Esq. (*pro hac vice* forthcoming)
mike@fradinlaw.com
**FRADIN LAW**
8401 Crawford Ave., Ste. 104
Skokie, IL 60076
Telephone: (847) 986-5889

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Krista Cabiltes, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>L'Oréal USA, Inc.; and DOES 1 through 10, inclusive,<br><br>Defendant(s). | Case No. _____<br><br>**CLASS ACTION**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT FOR DAMAGES**

## **PRELIMINARY STATEMENT**

Now comes Plaintiff, Krista Cabiltes ("Plaintiff"), on behalf of herself and all others similarly situated, through counsel, and pursuant to 740 ILCS 14/1 et. al. and Fed. R. Civ. P. 23, against Defendants L'Oréal USA, Inc. ("L'Oréal"), its subsidiaries and affiliates and DOES 1 through 10 (collectively, "Defendants"), to redress and curtail Defendants' unlawful collections, obtainments, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric identifiers and/or biometric information (collectively referred to herein as "biometric data" and/or "biometrics"). Plaintiff alleges as follows upon personal knowledge as to herself, her own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by her attorneys.

## **NATURE OF THE ACTION**

1.      L'Oréal is the United States branch of the L'Oréal Paris's global cosmetic and beauty enterprise.

2.      L'Oréal offers the public an extensive "family" of brands including, but not limited to, L'Oréal Paris, Garnier, Maybelline New York, NYX Professional Makeup, Stylenanda, Essie, Dark & Lovely, Mixa, Magic Mask, Niely, Lancôme, Yves Saint Laurent, Armani, Kiehl's Since 1851, Helena Rubinstein, Biotherm, Shu Uemura, IT Cosmetics, Ralph Lauren Fragrances, Urban Decay, Mugler, Valentino, Viktor&Rolf, Azzaro, Prada, Cacharel, Maison Margiela Fragrances, Diesel, Yue Sai,

**CLASS ACTION COMPLAINT FOR DAMAGES**

Atelier Cologne, Carita, Takami, L'Oréal Professionnel Paris, Kérastase, Redken, Matrix, Pureology, Pulp Riot, La Roche-Posay, Vichy, CeraVe, SkinCeuticals, Decléor, and Skinbetter Science.

3.     Many, if not all, of these offer an online "virtual try-on" feature whereby users can virtually try-on L'Oréal's extensive array of products by taking pictures of their faces on their computers, cell phones and other "smart" devices.

4.     L'Oréal then uses proprietary software and technologies to create biometric scans, including facial and hand geometries, of users. L'Oréal then alters and or recreates the photos and videos to show the user what their faces may look like with a particular L'Oréal product applied.

5.     L'Oréal collects, stores, possesses, otherwise obtains, uses, and disseminates its users' biometric identifiers or biometric information to, amongst other things, further enhance L'Oréal and its online sales.

6.     L'Oréal wrongfully profits from the biometric identifiers or biometric information it has collected or otherwise obtained from its users.

7.     Facial geometry scans are unique, permanent biometric identifiers associated with each user that cannot be changed or replaced if stolen or compromised. L'Oréal's unlawful collection, obtainment, storage, and use of its users' biometric data exposes them to serious and irreversible privacy risks. For example, if L'Oréal's database containing facial geometry scans or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed, L'Oréal users have no means by

**CLASS ACTION COMPLAINT FOR DAMAGES**

which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.

8.    The Illinois legislature enacted the Biometric Information Privacy Act ("BIPA") to protect residents' privacy interests in their biometric data. *See Heard v. Becton, Dickinson & Co*., 440 F. Supp. 3d 960, 963 (N.D. Ill. 2020), citing *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, 432 Ill. Dec. 654, 129 N.E.3d 1197, 1199 (2019).

9.    Courts analogize an individual's privacy interest in their unique biometric data to their interest in protecting their private domain from invasion, such as from trespass. *See Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 624 (7th Cir. 2020), as amended on denial of reh'g and reh'g *en banc*, (June 30, 2020) and opinion amended on denial of reh'g *en banc*, 2020 U.S. App. LEXIS 20468, 2020 WL 6534581 (7th Cir. 2020).

10.    In recognition of these concerns over the security of individuals' biometrics – particularly in the City of Chicago, which has been selected by major national corporations as a "pilot testing site[] for new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias" (740 ILCS 14/5(b)) – the Illinois Legislature enacted the BIPA, which provides, *inter alia*, that a private entity like L'Oréal may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be

**CLASS ACTION COMPLAINT FOR DAMAGES**

collected or stored; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used; (3) receives a written release from the person for the collection of his or her biometric identifiers or information; and (4) publishes publicly-available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a)-(b).

11.    The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id*.

12.    Specifically, upon information and belief, L'Oréal has created, collected, and stored thousands of facial geometries, biometric identifiers, or biometric information from countless Illinois residents whose photos were collected by L'Oréal. Such biometric identifiers or biometric information which L'Oréal extracts is unique to a particular individual in the same way that a fingerprint uniquely identifies a particular individual.

13.    L'Oréal is a "private entity" as that term is broadly defined by BIPA and L'Oréal is subject to all requirements of BIPA. *See* 740 ILCS § 14/10.

14.    The true names and capacities, whether individual, corporate, associate,

**CLASS ACTION COMPLAINT FOR DAMAGES**

representative, alter ego or otherwise, of defendants named in this action as DOES 1 through 10 inclusive are presently unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will seek to amend this Complaint to allege the true names and capacities of DOES 1 through 10 when the same have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiff and the Class Members for the events, happenings, and damages set forth below.

15.     Plaintiff is informed and believes, and based thereon alleges, that at all relevant times mentioned herein, Defendants acted as agents, employees, supervisors, partners, conspirators, servants and/or joint venturers of each other, and in doing the acts hereafter alleged, were acting within the course, scope, and authority of such agency, employment, partnership, conspiracy, enterprise and/or joint venture, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-defendants.

## JURISDICTION AND VENUE

16.     This is a Class Action Complaint for violations of the Illinois Biometric Information Privacy Act (740 ILCS 14/1 *et seq.*) brought pursuant to Fed. R. Civ. P. 23 seeking statutory and actual damages.

17.     Venue is proper in this Court because L'Oréal is headquartered in California and therefore a substantial amount of the acts and omissions giving rise to

**CLASS ACTION COMPLAINT FOR DAMAGES**

this action occurred within this judicial district.

18.    This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because Plaintiff and the proposed class members are all residents of Illinois, L'Oréal is domiciled in California and the amount in controversy exceeds $75,000.

19.    This Court has jurisdiction over this dispute pursuant to the Class Action Fairness Act ("CAFA") because the prospective class includes over 100 people and the amount in controversy exceeds $5,000,000.

20.    At all relevant times, Plaintiff and the proposed Class are residents of the state of Illinois and the violations of BIPA as detailed herein occurred while Plaintiff and the proposed Class were located in Illinois.

21.    At all relevant times, L'Oréal is duly licensed to transact business in California and its principal place of business is located at 888 N. Douglas St., El Segundo, CA 90245.


**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

22.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

23.    At all relevant times, Plaintiff was a resident of Chicago, Illinois.

24.    On or about September 28, 2020, Plaintiff visited L'Oréal's Maybelline website to shop for various Maybelline branded products at which point, Plaintiff was invited to virtually try-on many, or all, of L'Oréal's Maybelline products which were

**CLASS ACTION COMPLAINT FOR DAMAGES**

available for purchase on its website.

25.    To virtually try-on a particular product, L'Oréal prompted Plaintiff to click a button next to each product to virtually try-on same. Plaintiff clicked this button for multiple Maybelline branded products.

26.    In each instance that Plaintiff clicked the try-on button, Plaintiff was directed to use the camera on her smart device to record and upload a photograph herself. In each instance, L'Oréal would generate a picture of Plaintiff showing what Plaintiff's face may look like with that L'Oréal Maybelline product applied.

27.    L'Oréal collected and retained Plaintiff's biometric information each time that Plaintiff virtually tried on a product.

28.    At all relevant times, L'Oréal had no written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information when the initial purpose for collecting or obtaining such biometric information has been satisfied or within 3 years of the individual's last interaction with L'Oréal, whichever occurs first.

29.    Ostensibly, the purpose of L'Oréal's collection of Plaintiff's biometric identifiers or biometric information was show Plaintiff what her face may look like if she purchased and applied a particular product.

30.    As such, Plaintiff's biometric identifiers or biometric information should have been permanently destroyed by L'Oréal immediately following the conclusion of the virtual try-on experience.

**CLASS ACTION COMPLAINT FOR DAMAGES**

31.     However, L'Oréal failed to permanently destroy Plaintiff's biometric identifiers or biometric information following the conclusion of each virtual try-on experience and instead retained Plaintiff's biometric identifiers or biometric information.

32.     As such, L'Oréal's retention of Plaintiff's biometric identifiers or biometric information was unlawful and in violation of 740 ILCS § 14/15(a).

33.     L'Oréal did not inform Plaintiff in writing that it was collecting or storing her biometric information.

34.     Instead, L'Oréal simply instructed Plaintiff to upload her photographs as part of the virtual try-on process.

35.     In fact, L'Oréal made no mention of biometric information, collection of biometric information, or storage of biometric information.

36.     Moreover, L'Oréal did not inform Plaintiff in writing of the specific purpose and length of term for which his biometric information was being collected, stored, and used.

37.     L'Oréal collected, stored, and used Plaintiff's biometric information without ever receiving a written release executed by Plaintiff in which she consented to or authorized L'Oréal to do the same.

38.     L'Oréal collected, stored, and used Plaintiff's biometric information without ever receiving Plaintiff's informed consent to do same.

39.     L'Oréal has sold, leased, traded, or otherwise profited from Plaintiff's

**CLASS ACTION COMPLAINT FOR DAMAGES**

biometric information. 740 ILCS § 14/15(c).

40.    In fact, the purpose of the offering the virtual try-on capability is for L'Oréal to generate more sales and more profits from its online shoppers such as Plaintiff.

41.    L'Oréal has completed thousands, if not millions, of sales in which a user first virtually tried on the product which was purchased. All such revenues and profits were predicated upon users providing L'Oréal their biometric information and L'Oréal's storage or retention of same.

42.    Additionally, L'Oréal disclosed, redisclosed, or otherwise disseminated Plaintiff's biometric information (1) without Plaintiff's consent; (2) without Plaintiff's authorization to complete a financial transaction requested or authorized by Plaintiff; (3) without being required by State or federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

43.    Upon information and belief, L'Oréal disclosed, redisclosed, or otherwise disseminated Plaintiff's biometric information to any or all of L'Oréal's affiliated companies or brand, as well as L'Oréal's third party service providers for L'Oréal's business purposes including, but not limited to, third party providers that provide business services to L'Oréal, third party service providers that provide professional services to L'Oréal, and third-party service providers that provide technical support functions to L'Oréal.

**CLASS ACTION COMPLAINT FOR DAMAGES**

44.    L'Oréal's collection and retention of biometric information as described herein is not unique to Plaintiff and is instead part of L'Oréal's policies and procedures which L'Oréal applies to all of its users, including the Class Members.

## RULE 23 CLASS DEFINITION AND ALLEGATIONS

45.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

46.    Plaintiff brings Claims for Relief in violation of BIPA as a class action under Rule 23(a), (b)(2) and (b)(3). Plaintiff brings these claims on behalf of herself and all members of the following Rule 23 Class:

> **All Illinois residents who had their biometric information collected by L'Oréal at any point in the five (5) years preceding the filing of this Complaint (the "Class Members").**

47.    In the alternative, and for the convenience of this Court and the parties, Plaintiff may seek to certify other subclasses at the time the motion for class certification is filed.

48.    **Numerosity (Rule 23(a)(1)).** The Class Members are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that there are more than 1,000 people who satisfy the definition of the Class.

49.    **Existence of Common Questions of Law and Fact (Rule 23(a)(2)).** Common questions of law and fact exist as to Plaintiff and the Class Members including, but not limited to, the following:

a.    Whether L'Oréal possessed Plaintiff's and the Class Members' biometric

**CLASS ACTION COMPLAINT FOR DAMAGES**

identifiers or biometric information without first developing a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with L'Oréal, whichever occurs first.

b.     Whether L'Oréal collected, captured, purchased, received through trade, or otherwise obtained Plaintiff's and the Class Members' biometric identifiers or biometric information, without first: (1) informing Plaintiff and the Class Members in writing that a biometric identifier or biometric information is being collected or stored; (2) informing Plaintiff and the Class Members in writing of the specific purpose and length of term for which their biometric identifiers or biometric information was being collected, stored, and used; and (3) receiving a written release executed by Plaintiff and the Class Members

c.     Whether L'Oréal sold, leased, traded, or otherwise profited from Plaintiff's and the Class Members' biometric identifiers or biometric information.

d.     Whether L'Oréal disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class Members' biometric identifiers or biometric information (1) without Plaintiff's and the Class Members' consent; (2) without Plaintiff's and the Class Members' authorization to complete a financial transaction requested or authorized by Plaintiff and the Class Members; (3) without being required by State or

**CLASS ACTION COMPLAINT FOR DAMAGES**

federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

e.    The damages sustained and the proper monetary amounts recoverable by Plaintiff and the Class Members.

50.    **Typicality (Rule 23(a)(3)).** Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like the Class Members, had his biometric identifiers and biometric information collected, retained or otherwise possessed by L'Oréal without L'Oréal's adherence to the requirements of BIPA as detailed herein.

51.    **Adequacy (Rule 23(a)(4)).** Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions.

52.    **Injunctive and Declaratory Relief (Rule 23(b)(2)).** Class certification of the Rule 23 claims is appropriate under Rule 23(b)(2) because L'Oréal acted or refused to act on grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

53.    **Predominance and Superiority of Class Action (Rule 23(b)(3)).** Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class Members predominate over questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. L'Oréal's common and uniform policies and practices illegally deprived Plaintiff and

**CLASS ACTION COMPLAINT FOR DAMAGES**

the Class Members of the privacy protections which BIPA seeks to ensure; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about L'Oréal's practices.

54.    Plaintiff intends to send notice to all Class Members to the extent required by Fed. R. Civ. P. 23.

## COUNT ONE: VIOLATION OF 740 ILCS § 14/15(a)

**(Brought by Plaintiff on behalf of herself and the Class Members against all Defendants)**

55.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56.    A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of

**CLASS ACTION COMPLAINT FOR DAMAGES**

biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines. 740 ILCS § 14/15(a).

57.    L'Oréal collected Plaintiff's and the Class Members' facial geometries and created biometric templates of the Plaintiff's and the Class Members' faces which qualifies as biometric information as defined by BIPA.

58.    At all relevant times, L'Oréal had no written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information when the initial purpose for collecting or obtaining such biometric information has been satisfied or within 3 years of the individual's last interaction with L'Oréal, whichever occurs first.

59.    Ostensibly, the purpose of L'Oréal's collection of Plaintiff's and the Class Members' biometric identifiers or biometric information was to show Plaintiff and the Class Members what their faces may look like if they purchased and applied a particular product.

60.    As such, Plaintiff's and the Class Members' biometric identifiers or biometric information should have been permanently destroyed by L'Oréal immediately following the conclusion of the virtual try-on experience.

61.    However, L'Oréal failed to permanently destroy Plaintiff's and the Class Members' biometric identifiers, or biometric information following the conclusion of each virtual try-on experience and instead retained Plaintiff's and the Class Members' biometric identifiers or biometric information.

**CLASS ACTION COMPLAINT FOR DAMAGES**

62.     As such, L'Oréal's retention of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(a).

## COUNT TWO: VIOLATION OF 740 ILCS § 14/15(b)

**(Brought by Plaintiff on behalf of herself and the Class Members against all Defendants)**

63.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64.     No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

> (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

> (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative. 740 ILCS § 14/15(b).

65.     L'Oréal did not inform Plaintiff and the Class Members in writing that L'Oréal was collecting or storing their biometric information.

66.     Instead, L'Oréal simply instructed Plaintiff and the Class Members to upload their photographs as part of the virtual try-on process.

**CLASS ACTION COMPLAINT FOR DAMAGES**

67.    In fact, L'Oréal made no mention of biometric information, collection of biometric information, or storage of biometric information.

68.    Moreover, L'Oréal did not inform Plaintiff and the Class Members in writing of the specific purpose and length of term for which their biometric information was being collected, stored, and used.

69.    L'Oréal collected, stored, and used Plaintiff's and the Class Members' biometric information without ever receiving a written release executed by Plaintiff and the Class Members which would consent to or authorize L'Oréal to do same.

70.    As such, L'Oréal's collection of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(c).

## COUNT THREE: VIOLATION OF 740 ILCS § 14/15(c)

### (Brought by Plaintiff on behalf of herself and the Class Members against all Defendants)

71.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72.    No private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information. 740 ILCS § 14/15(c).

73.    L'Oréal has sold, leased, traded, or otherwise profited from Plaintiff's and the Class Members' biometric information. 740 ILCS § 14/15(c).

74.    In fact, the purpose of the offering the virtual try-on capability is for

**CLASS ACTION COMPLAINT FOR DAMAGES**

L'Oréal to generate more sales and more profits from its online shoppers such as Plaintiff and the Class Members.

75.    L'Oréal has completed thousands, if not millions, of sales in which a user first virtually tried on the product which was purchased. All such revenues and profits were predicated upon users providing L'Oréal their biometric information and L'Oréal's storage or retention of same.

76.    While discovery will ascertain all of the ways in which L'Oréal has used Plaintiff's and the Class Members' biometric information, L'Oréal uses Plaintiff's and the Class Members' biometric information for business purposes, in furtherance of their business interests, and for more specific profit-driven activities such as analytics and research.

77.    L'Oréal's selling of, leasing of, trading of, or otherwise profiting from Plaintiff's and the Class Members' biometric information is unlawful and in violation of 740 ILCS § 14/15(c).

### COUNT FOUR: VIOLATION OF 740 ILCS § 14/15(d)

**(Brought by Plaintiff on behalf of herself and the Class Members against all Defendants)**

78.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

79.    No private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a

**CLASS ACTION COMPLAINT FOR DAMAGES**

customer's biometric identifier or biometric information unless:

>    (1) the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or rediscolsure;

>    (2) the disclosure or rediscolsure completes a financial transaction requested or authorized by the subject of the biometric identifier or the biometric information or the subject's legally authorized representative;

>    (3) the disclosure or rediscolsure is required by State or federal law or municipal ordinance; or

>    (4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction. 740 ILCS § 14/15(d).

80.    While discovery will ascertain all of the ways in which L'Oréal disclosed, rediscolsed, or otherwise disseminated Plaintiff's and the Class Members' biometric information, L'Oréal disclosed, rediscolsed, or otherwise disseminated Plaintiff's and the Class Members' biometric information to any or all of L'Oréal's affiliated companies or brand, as well as L'Oréal's third party service providers for L'Oréal's business purposes, including but not limited to, third party providers that provide business services to L'Oréal, third party service providers that provide professional services to L'Oréal, and third party service providers that provide technical support functions to L'Oréal..

81.    L'Oréal's disclosures, rediscolsures, or otherwise disseminating of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(d).

**PRAYER FOR RELIEF**

**CLASS ACTION COMPLAINT FOR DAMAGES**

**WHEREFORE**, individually, and on behalf of the Class Members, Plaintiff prays for: (1) certification of this case as a class action pursuant to Fed. R. Civ. P. 23 appointing the undersigned counsel as class counsel; (2) a declaration that L'Oréal has violated BIPA, 740 ILCS 14/1 *et seq.*; (3) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that L'Oréal's violations of BIPA were not willful; (4) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); (5) actual damages; and (6) for any other relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

Dated: June 26, 2023                    Respectfully submitted,


**BELIGAN LAW GROUP, LLP**


By: */s/ Leah M. Beligan*
Leah M. Beligan, Esq. (SBN 250834)
lmbeligan@bbclawyers.net
Jerusalem F. Beligan, Esq. (SBN 211258)
jbeligan@bbclawyers.net
19800 MacArthur Blvd., Ste. 300
Newport Beach, CA 92612
Telephone: (949) 224-3881

– 20 –

**CLASS ACTION COMPLAINT FOR DAMAGES**

**FRADIN LAW**

By:  /s/ *Michael L. Fradin*
      Michael L. Fradin, Esq. (pro hac vice
      forthcoming)
      8 N. Court St. Suite 403
      Athens, Ohio 45701
      Telephone: 847-986-5889
      Facsimile: 847-673-1228
      Email: mike@fradinlaw.com

**SIMON LAW CO.**

By: /s/ *James L. Simon*
    James L. Simon (pro hac vice forthcoming)
    Simon Law Co.
    5000 Rockside Road
    Liberty Plaza – Suite 520
    Independence, OH 44131
    Telephone: (216) 816-8696
    Email: james@simonsayspay.com

**CLASS ACTION COMPLAINT FOR DAMAGES**